# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin E. Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 8942 | **DATE** | January 17, 2012 |
| **CASE TITLE** | Anthony Dixon (N32432) vs. John Does | | |

**DOCKET ENTRY TEXT**

Plaintiff Dixon's motions for leave to proceed *in forma pauperis* (Dkt. Nos. 3, 4), are granted. The Court authorizes and orders plaintiff Dixon's trust fund custodian to deduct $1.94 from his account, and to continue making monthly deductions in accordance with this order. The clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts at the Dixon Correctional Center. Dixon may only proceed with his claim from the 2011 strip search and many seek monetary relief only. He is prohibited from proceeding on 2006 claim because it is untimely. He is prohibited from seeking prospective relief. The clerk is instructed to add Stateville Correctional Center Warden Marcus Hardy as a defendant and shall issue a summons for service of the complaint upon him. The clerk shall also send the plaintiff a Magistrate Judge Consent and Amended Civil Rights Complaint Forms along with the Instructions for Submitting Documents along with a copy of this order. Terrell Rogers and Nathaniel Douglas may not proceed as plaintiffs at this time because they have failed to sign the complaint and did not submit an IFP petition or filing fee.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

    Pro se plaintiff Anthony Dixon, an inmate at the Dixon Correctional Center, has brought a civil rights suit pursuant to 42 U.S.C. § 1983. Pending before the Court are plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3), and complaint for an initial review pursuant to 28 U.S.C. § 1915A. (Dkt. No. 1).

    The plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. Nos. 3, 4), is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $1.94. The trust fund officer at the plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from the plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the plaintiff's trust fund officer is directed to collect monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and this case number. This payment obligation will follow the plaintiff wherever he may be transferred.

    Turning to the initial review of the complaint, plaintiff alleges that he was subjected to improper strip searches when he entered the Northern Reception and Classification Center (NRC) at the Stateville Correctional Center in 2006 and again in 2011. The NRC is an intake facility where newly incarcerated

| STATEMENT |
|---|

prisoners are housed by the Illinois Department of Corrections (IDOC) before being sent to the prison where they will serve their sentence. Plaintiff has been subsequently relocated to the Dixon Correctional Center.

It is inappropriate to conduct strip searches in a prison in a "harassing manner intended to cause psychological pain." *Mays v. Springborn*, 575 F.3d 643, 649 (7th Cir. 2009) (citations omitted). The complaint alleges that the strip searches meet this standard, and so plaintiff may proceed with a strip search claim.

However, he may only proceed with a claim as to the 2011 search, the 2006 search is beyond the statute of limitations. The Court may raise the limitations defense because it is clear from the face of the complaint. *See Best v. City of Portland*, 554 F.3d 698, 700 (7th Cir. 2009) (citing *Walker v. Thompson*, 288 F.3d 1005, 1009-10 (7th Cir. 2002)). Plaintiff faces a two-year limitations period for his claims, and this period began to run at the time of any alleged unconstitutional violation of the strip searches. *Evans v. Poskon*, 603 F.3d 362, 363 (7th Cir. 2010); *Jenkins v. Vill. of Maywood*, 506 F.3d 622, 623 (7th Cir. 2007). Although the statute of limitations period is tolled while plaintiff exhausted his claims via an internal jail grievance, *Johnson v. Rivera*, 272 F.3d 519, 522 (7th Cir. 2001), the grievance process would not have taken three years to complete. Thus, it is clear from the face of the complaint that the 2006 event is untimely when measured against the present complaint filed in December 2011.

Additionally, plaintiff may only seek monetary relief for the 2011 search. His request for injunctive relief is rejected. Plaintiff is challenging the legality of the initial strip search prisoners face at the NRC when they first enter the IDOC system. Plaintiff is now at the Dixon Correctional Center and there is no indication that he will be returning to the NRC as a new prisoner. This moots his claim for equitable relief. *See Henderson v. Sheahan*, 196 F.3d 839, 843 n.1 (7th Cir. 1999); *Martin v. Davis*, 917 F.2d 336, 339 (7th Cir. 1990).

As plaintiff has named John Doe defendants, he should be aware that he cannot obtain damages from any defendant unless he serves them (or obtains waivers of service) in accordance with Fed. R. Civ. P. 4. He cannot obtain service on Doe defendants, he must determine their names. To facilitate the identification of Doe defendants, Stateville Correctional Center Warden Marcus Hardy is added as a defendant solely for the purpose of allowing plaintiff to identify the John Doe defendants.

Once an attorney has entered an appearance on Warden Hardy's behalf, the plaintiff may send defense counsel interrogatories (that is, a list of questions) eliciting information regarding the identity of the John Doe defendants who allegedly violated his constitutional rights. *See* Fed. R. Civ. P. 33. After the plaintiff learns the Doe defendants' identities, he may submit a proposed amended complaint that names the Doe defendants under their actual names. Summonses will then issue for service on the defendants who allegedly injured him. Plaintiff is advised that there is a two-year statute of limitations for civil rights actions; he should therefore attempt to identify the Does defendants as soon as possible. *See Worthington v. Wilson*, 8 F.3d 1253, 1256-57 (7th Cir. 1993); *Wood v. Worachek*, 618 F.2d 1225, 1230 (7th Cr. 1980).

Should plaintiff decide to submit a proposed amended complaint, he must write both the case number and the Judge's name on the proposed amended complaint, sign it, and return it to the Prisoner Correspondent. As with every document filed with the Court, the plaintiff must provide an extra copy for the Judge; he must also submit a service copy for each defendant named in the proposed amended complaint. The plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations against all defendants must be set forth in the proposed amended complaint, without reference to the original complaint. Any exhibits the plaintiff wants the Court to

| STATEMENT |
|---|

consider in its threshold review of the proposed amended complaint must be attached, and each copy of the proposed amended complaint must include complete copies of any and all exhibits. The plaintiff is advised to keep a copy for his files. The clerk will provide the plaintiff with an amended civil rights complaint form and instructions along with a copy of this order.

      The clerk is instructed to add Stateville Correctional Center Warden Marcus Hardy as a defendant and shall issue a summons for service of the complaint upon him. The clerk shall also send the plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.

      The United States Marshals Service is appointed to serve defendant Hardy. Any service forms necessary for the plaintiff to complete will be sent by the Marshal as appropriate to serve the defendant with process. The U.S. Marshal is directed to make all reasonable efforts to serve the defendant. With respect to any IDOC employee who can no longer be found at the work address provided by the plaintiff, the IDOC shall furnish the Marshal with the defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the Court file, nor disclosed by the Marshal. Plaintiff is to provide the U.S. Marshals Service with a copy of the complaint and a proper form for request of waiver pursuant to Federal Rule of Civil Procedure 4(d)(1). The U.S. Marshals Service is requested to mail the complaint and appropriate papers for waiver of service by first-class mail to the named defendant pursuant to Rule 4(d)(1)(G).

      The Court also notes that prisoners Terrell Rogers and Nathaniel Douglas are also listed as plaintiffs. However, only plaintiff Dixon signed the complaint and submitted an IFP application. (No plaintiff submitted the $350 fee). The Court will not allow Rogers or Douglas to proceed as plaintiffs at this time. They must submit a proposed complaint that they have personally signed along with the filing fee or IFP petition if they wish to proceed as plaintiffs.